The opinion of the court was delivered by
Duncan, J.
This was an action of debt, under the statement law, and statement in pursuance of it. It is not a declaration at common law. The plea of payment with leave to give special matters in evidence, and notice given and accepted; and evidence received without objection at the trial, I would consider as a counter statement.
*38 Etter and Elder had given three notes to Oppenheimer and others, payable on different days, and an arrangement took place, that the difference of exchange between the notes of the bank of Swatara and the city banks should be allowed by Etter and Elder. If this had been a declaration instead of a statement, the plaintiffs must have set out that these notes had been paid in Swatara paper, — a paper that the bank would accept in deposit; and that when these payments were so made, the notes were at a certain discount, and the agreement was not, that the promisors should pay the difference of exchange between Swatara notes and par paper, unless they paid the debt in that inferior paper. There was no averment by the plaintiffs, that they did pay in Swatara bank paper, nor any proof of this. On the contrary, the defendants proved, that the notes had been sent to the cashier of the Swatara bank for collection, without any information of the arrangement respecting exchange, who received payment not in Swatara bank notes, but as good as Swatara, and some better. The money received by the cashier was some in Philadelphia and some in country money. The money was not mixed with the bank money, but remitted in the kind received. It was incumbent on the plaintiffs, as it was not Swatara money, but all other money, — some part par money, — to have proved the kind of country money, and the difference of exchange between that and city money, and the amount of city money. The payment was received by their agent, and transmitted by the agent. If not received in full satisfaction of the notes, which were delivered up by the agent, to have made out a case correspondent with the collateral engagement to pay the exchange, it lay on the plaintiff to show the discount, and therefore to show what the money was. Before any jury could ascertain the compensation, on account of paper of a description inferior to par, the plaintiffs should have proved what the paper was. The plea does admit what is not contained in the statement. It is not averred in that, that these notes were paid in country paper, and, if not paid in country paper, the collateral engagement had nothing to which it could be applied; and if paid in country paper partly, and partly in city paper, it lay on the plaintiffs to prove the amount and kind of each, and not on the defendants. The matter of fact was fairly left to the jury to decide, whether the plaintiffs received the money, such as it was, not being Swatara money, nor wholly country money, in satisfaction and as par money, and that if. they did not, then to ascertain the discount between the bills received and Philadelphia paper. If there was any difficulty in deciding this, it arose from the conduct of the plaintiffs, in not showing what kind of money they did receive and the difference of exchange. There was some evidence that the money had been had at par: this is fortified by the consideration that part was par, and they kept no accounts to distinguish the par- money from the country *39 money; and having given no evidence of that, it was impossible for the jury to say, that this collateral engagement should affect the payment and satisfaction of the notes, or create any obligation to pay the difference of exchange, when the plaintiffs did not show any extent of injury or damage sustained by the difference of exchange.
Judgment affirmed.